IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES E. GIBSON,<br><br>          Plaintiff,<br><br>   v.<br><br>WARDEN DAVID OWENS,<br><br>          Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-2281 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Charles E. Gibson, Plaintiff Pro Se
# 4330263
CCCF
PO Box 90431
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

    Plaintiff Charles E. Gibson, a prisoner confined at Camden County Correctional Facility ("CCCF"), seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against Warden David Owens. Complaint, Docket Entry 1.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below it is clear from the complaint

that the claim arose more than two years before the complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff seeks relief for allegedly unconstitutional conditions of confinement during his detention in the CCCF. He states he was detained in CCCF "on or about July 2005 . . . ." Complaint ¶ 6. He alleges that he "was told to go into a two man cell that already housed 3 inmates by a correction officer that was on shift. When [he] refused the only other option was to go to the hole" *Id.* He further alleges that he was forced to sleep "on the floor next [to] the toilet where other inmates had to urinate." *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A and 42 U.S.C. § 1997e because Plaintiff is a prisoner proceeding *in forma pauperis* and is filing a claim about the conditions of his confinement.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff's complaint is barred by the statute of limitations. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have

known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCCF, namely the alleged overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired in 2007 at the latest, well before this complaint was filed in 2017. Plaintiff has filed his lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning he may not file an amended complaint concerning the events of 2005. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam)

(affirming dismissal with prejudice due to expiration of statute of limitations).

## V. CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice as it is barred by the statute of limitations. An appropriate order follows.


**May 17, 2017**                   **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   Chief U.S. District Judge